Case 1:21-cv-00064 Document 29 Filed on 01/07/22 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LIZBETH ALEJANDRA ROCHA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-064 |
| | § | |
| ALEJANDRO MAYORKAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER AND OPINION

In May 2021, after United States Customs and Border Protection agents detained Petitioner Lizbeth Alejandra Rocha at a port of entry, she sought her immediate release and other relief by filing a Writ of Habeas Corpus, Request for Temporary Restraining Order and Complaint for Declaratory and Injunctive Relief (Doc. 1). On the same day, the Government released her.

Rocha then filed her Second Amended Petition (Doc. 17), seeking the same relief—i.e., a writ of habeas corpus, and injunctive and declaratory relief, including a declaration under 8 U.S.C. § 1503 that she is a United States citizen.

The Government moves to dismiss Rocha's causes of action for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted. (Motion, Doc. 21) For the following reasons, the Court concludes that Rocha's claims do not survive the Government's Motion.

**I.    Rocha's Allegations**[1]

In May 2000, Rocha was born in Hidalgo, Texas. (2nd Am. Pet., Doc. 17, ¶ 12) Her parents

---

[1] For purposes of considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts a plaintiff's allegations as true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, while in general a district court must not "go outside the pleadings" to consider such a motion, a court may consider documents attached to a motion to dismiss if the documents "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

were Mexican citizens living near the United States border, and shortly before Rocha's birth, they entered the United States with visas. (*Id.* at ¶ 13)  After Rocha was born, the family returned to Mexico. (*Id.*)  Her birth was timely registered in Texas. (*Id.* at ¶ 12)

In November 2018, Rocha filed an application for a United States passport. (*Id.* at ¶ 4) The Department of State requested that Rocha submit additional information because her birth certificate "was filed by a birth attendant who is suspected of submitting false birth records". (Letter, Doc. 18, 14)  Rocha complied.  In March 2019, the Department of State informed her that its researched "revealed that a birth certificate was also recorded for you on 05/25/2000 in Reynosa, Tamaulipas, Mexico." (Letter, Doc. 18, 14)  The letter stated that the "foreign birth certificate conflicts with the Texas birth record." (Letter, Doc. 18, 14)  The Department of State requested a statement regarding the Mexican birth certificate, and advised Rocha that the Department of State would deny her application if the application and documents she submitted did not meet her burden of proof to establish entitlement to a U.S. passport.

In response, Rocha submitted additional information, including an affidavit from her mother regarding the circumstances of Rocha's birth in the United States and the subsequent registration of that birth in Mexico. (Materials, Doc. 18, 14–27)

For two years, Rocha received no additional communications from the agency concerning her application. (2nd Am. Pet., Doc. 17, ¶ 14)  Then, in late April 2021, two Department of State agents attempted to contact Rocha at her residence and employment in Pharr, Texas, but she was in quarantine at her mother's residence in Reynosa, Mexico. (*Id.* at ¶ 6)  Rocha called the agents and agreed to meet with them on May 1, 2021, "to review her application for a U.S. passport." (*Id.*)

On the agreed-upon date, Rocha presented herself at the Anzalduas Point of Entry, where U.S. Customs and Border Protection ("CBP") detained her and subjected her to a lengthy interrogation aimed at extracting a false confession that she had been born in Mexico. (*Id.* at ¶ 7)

While the Department of State knew that Rocha had counsel, they did not communicate with Rocha's attorney in connection with the scheduling of the meeting or her detention and interrogation. (*Id*. at ¶ 6)

On May 1, while still detained, Rocha filed this lawsuit. The same day, CBP released Rocha, providing her with a Form I-862 Notice to Appear that had no date and time for a hearing before an Immigration Judge. (*Id*. at ¶ 3) The NTA charged Rocha with removability under 8 U.S.C. § 1182(a)(6)(C)(ii) as an alien who falsely represented herself to be a citizen of the United States for a purpose of benefit under the Immigration and Nationality Act ("INA"). (*See* Notice to Appear, Doc. 18, 29)

In Rocha's original Petition, she requested release from custody, a temporary restraining order ("TRO"), and declaratory and injunctive relief. (Petition, Doc. 1) On May 3, she filed an Amended Petition asserting the same causes of action (Doc. 4), and the next day, she withdrew the request for the TRO (Motion to Withdraw, Doc. 8).

On May 24, the Government filed the NTA with an Immigration Court.[2]

On July 22, the United States denied Rocha's application for a passport. (2nd Am. Pet., Doc. 17, ¶ 9)

## II. Analysis

In her Second Amended Petition, Rocha continues to present a writ of habeas corpus to obtain her release from custody, and requests a declaration that she is a United States citizen under 8 U.S.C. § 1503 and 28 U.S.C. § 2201. In addition, she alleges a cause of action for a declaratory judgment under 28 U.S.C. § 1331, seeking a declaration that the CBP and Department of State officers at the port of entry violated her Fifth Amendment due process rights and that the NTA that CBP issued is invalid. She also seeks a declaration that the Department of State's failure

---

[2] Rocha does not dispute this date.

to rule on her passport application for more than two years was "capricious and arbitrary" under the Administrative Procedure Act. (*Id.* at ¶ 28) And finally, she requests injunctive relief in the form of ordering her release from custody and requiring the return of her confiscated documents, the removal of any "flag" on her birth record, and a permanent injunction against the Government to prohibit it "from detaining and interrogating a person with facially valid documents showing U.S. citizenship". (*Id.* at ¶ 26)

The Government moves under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss each of Rocha's causes of action. (Motion, Doc. 21)

**A. Standard of Review**

Dismissal under Rule 12(b)(1) is proper where "the court lacks the statutory or constitutional power to adjudicate the case." *Home Builder's Ass'n of Miss., Inc. v. City of Madison*, 143 F. 3d 1006, 1010 (5th Cir. 2014). The plaintiff bears the burden of proving that a district court has jurisdiction by a preponderance of the evidence. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[I]f the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 12(b)(6). A plaintiff satisfies the facial plausibility standard by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations in the complaint are not required to be thoroughly detailed, but must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court considers only the allegations in the complaint and must accept them as true, viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772,

774 (5th Cir. 1999). If the allegations are sufficient "to raise a right to relief above the speculative level," the court will not dismiss the cause of action. *Twombly*, 550 U.S. at 555.

### B. Writ of Habeas Corpus

The Government argues that this Court lacks jurisdiction over Rocha's habeas claim because she has been released from custody, rendering her action moot. (Motion, Doc. 21, 13) The Court agrees.

Federal courts possess limited jurisdiction and can only consider "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). A court lacks subject matter jurisdiction over a moot controversy, which exists when a matter "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978). The doctrine of mootness "requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–48 (1990)); *see also Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000) ("[T]o qualify as a case for federal court adjudication, a case or controversy must exist at all stages of the litigation, not just at the time the suit was filed.").

Generally, release from custody renders a habeas petition moot. *See, e.g., Lane v. Williams*, 455 U.S. 624, 631 (1982); *Lemons v. Swann*, 412 F. App'x 672, 673 (5th Cir. 2011) ("In the context of habeas petitions . . . this court has dismissed a petitioner's appeal as moot upon the petitioner's release from custody"); *Sutton v. Johnson*, 235 F.3d 1341, *1 (5th Cir. 2000) ("[Petitioner's] habeas claims are moot due to his release to mandatory supervision") (unpubl.).[3]

---

[3] An exception applies in the criminal context if the petitioner "continue[s] to suffer collateral consequences" as a result of the challenged conviction or detention. *See Bacilio-Sabastian*, 980 F.3d at 482. In the present case, Rocha does not argue that this exception applies.

5 / 11

As the Government released Rocha on the day she filed her lawsuit, her petition for writ of habeas corpus is moot. She provides only a cursory response to the Government's Motion on this issue, arguing only that her "subsequent release[] from custody does not take jurisdiction from the court." (Response, Doc. 24, 5) She presents no further argument or legal authority for this position. The Court has found none, and concludes that it lacks subject-matter jurisdiction over her petition for a writ of habeas corpus.

### C. Claim under 8 U.S.C. § 1503(a)

Under Section 1503(a), Rocha seeks a declaratory judgment that she is a United States citizen. The Government argues that the Court lacks subject-matter jurisdiction over this cause of action because Rocha is in removal proceedings and was not "within the United States" when she filed her lawsuit.

Section 1503(a) provides the vehicle for an individual "within the United States" to challenge the denial of a right or privilege based on the determination of her citizenship. A person denied such a right and who is within the United States "may institute an action . . . for a judgment declaring him to be a national of the United States". 8 U.S.C. § 1503(a). The statute, however, also expressly provides that "no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a).

Beginning with the Government's initial argument under Section 1503(a)(2), a person may not initiate an action under Section 1503(a) if the person's citizenship is in issue in removal proceedings. The provision applies only if the Government initiated removal proceedings before the person filed her lawsuit. *See Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 (5th Cir. 2007) (explaining that the citizenship issue "cannot, logically, be 'in issue in a removal proceeding' unless there is a removal proceeding pending"). The Government initiates removal

proceedings by filing a charging document, such as an NTA, with an Immigration Court. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 758, 209 L. Ed. 2d 47 (2021) ("Removal proceedings begin when the government files a charge against an individual, and they occur before a hearing officer at the Department of Justice, someone the agency refers to as an immigration judge."); *Arevalo-Martinez v. Garland*, No. 19-60919, 2021 WL 3412512, *1 (5th Cir. August 4, 2021) ("DHS commenced removal proceedings against Arevalo-Martinez by filing an NTA charging him as removable.") (unpubl.); *Pierre-Paul v. Barr*, 930 F.3d 684, 686 (5th Cir. 2019) ("[T]he government initiated removal proceedings [] by filing a notice to appear with the immigration court."); *see also* 8 C.F.R. § 1003.14(a) ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court.").

In the present case, the Government argues that it "initiated removal proceedings" when immigration officers "issued and served on [Rocha] an NTA expressly alleging that she is not a U.S. citizen." (Motion, Doc. 21, 15)  But the Government provides no authority for the contention that removal proceedings commence upon service of an NTA.  And such a position runs counter to the applicable legal authorities.  In fact, the Fifth Circuit, albeit in dicta, recognized that a difference exists between the service of an NTA and the filing of one: "An alien's period of continuous physical presence for purposes of cancellation ends when the alien is served a NTA that fully complies with the statutory requirements. [ ] The *filing* of the NTA, in turn, *initiates* removal proceedings against the alien, during which the alien may request cancellation." *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018) (emphasis added; citations omitted).

The parties agree that the Government did not file the NTA until May 24, 2021, weeks after Rocha filed her lawsuit.  As a result, when Rocha filed her lawsuit on May 1, no removal

proceedings had commenced. This fact in turn means that Section 1503(a)(2) does not divest the Court of subject matter jurisdiction over Rocha's cause of action under Section 1503(a).[4]

The Government's second argument, however, has merit. Section 1503(a) authorizes an individual "within the United States" to seek a declaration of United States citizenship. For those individuals who are "not within the United States", but who desire to seek such a declaration, Section 1503(b) provides the statutory authority and applicable process. In the present matter, the Government contends that because Rocha was paroled into the United States pending removal proceedings, she was not "within the United States" for purposes of Section 1503. (Motion, Doc. 21, 16–17 (relying, *inter alia*, on *Zadvydas v. Davis*, 533 U.S. 678 (2001))) In her Response, Rocha does not address this argument.

Controlling law establishes that an individual at a port of entry is not "within the United States" for purposes of Section 1503(a). *Hinojosa v. Horn*, 896 F.3d 305, 316 (5th Cir. 2018). Even before *Hinojosa*, at least two federal district courts had reached the same conclusion. *See Villafranca v. Tillerson*, Civil Action no. 1:16-cv-00077, 2017 WL 2735589, *4 (S.D. Texas June 26, 2017) (adopting Magistrate Judge's Report and Recommendation); *Villarreal v. Horn*, Civil No. 1:15-CV-111, 2017 WL 6442839, *11 (S.D. Texas Sept. 9, 2017). Rocha alleges that when she filed her lawsuit, she "was detained at the Anzaldua's Port of Entry by CBP". (2nd Am. Pet., Doc. 17, 1) Accepting that allegation as true, and under *Hinojosa*, Rocha was not "within the United States" when she filed her lawsuit. She could not have relied on Section 1503(a).

The Government, however, claims that when Rocha filed this action, she had already been paroled into the United States. (Motion, Doc. 21, 17) Under this factual assumption, Rocha still would not be within the United States, as a "paroled alien is in the same position as one who seeks

---

[4] In light of this conclusion, the Court need not reach whether the NTA that the Government served on Rocha was defective because it did not include the time or place for a hearing before an Immigration Judge.

8 / 11

admission at the border". *Delgado-Carrera v. INS*, 773 F.2d 629, 632 (5th Cir. 1985). Thus, under either factual scenario, Rocha could not rely on Section 1503(a).[5]

For these reasons, the Court concludes that Rocha has not carried her burden of demonstrating that subject matter jurisdiction exists for her cause of action under 8 U.S.C. § 1503(a).

### D. Declaratory and Injunctive Relief

The Government also challenges Rocha's request for declaratory and injunctive relief.[6] (Motion, Doc. 21, 20) The Court agrees that these claims do not survive the Motion to Dismiss.

As an initial matter, neither requests for injunctive relief nor requests for declaratory relief provide an independent basis for subject-matter jurisdiction. *See Higareda v. U.S. Postal Serv.*, 5 F.3d 1495, 1993 WL 391492, *1 (5th Cir. 1993); *Nixon v. Att'y General of Tex.*, 537 F. App'x 512, 512 (5th Cir. 2013) (unpubl.); *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) ("Declaratory Judgment Act is not an independent ground for jurisdiction; it permits the award of declaratory relief only when other bases for jurisdiction are present."); *Enter. Int'l, Inc. v. Corporación Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985) ("The district court has no power to grant an interlocutory or final injunction against a party over whom it has not acquired valid jurisdiction . . . ."). The Court has concluded that it does not possess subject matter jurisdiction over Rocha's claims under Section 1503(a). And Rocha presents no independent basis to support subject matter jurisdiction over her requested declaratory and injunctive relief. As a

---

[5] In addition, Section 1503(a) also requires individuals to exhaust administrative remedies before filing a lawsuit. *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 n.4 (5th Cir. 2007). The requirement is jurisdictional. *Gonzalez v. Limon*, 926 F.3d 186, 188 n.7 (5th Cir. 2019). And a court may raise the issue of subject-matter jurisdiction *sua sponte* if it appears that the Court lacks such jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). In the present case, Rocha unambiguously alleges that when she filed her lawsuit, her application for a passport remained pending. She had received no agency decision on that application, much less exhausted any administrative remedies as to an adverse decision. Even if Rocha had been "within the United States" when she filed her lawsuit, her claims under Section 1503(a) would have been subject to dismissal for failure to exhaust administrative remedies.

[6] Rocha's live pleading seeks a temporary restraining order for her release and the return of certain documents that the Government took from her. (2nd Am. Pet., Doc. 17, ¶ 24) But she previously withdrew this request after the Government released her and returned her documents. (*See* Order, Doc. 8 (granting motion to withdraw the request for a temporary restraining order)) The Court considers these requests as withdrawn.

result, the Court finds that it also lacks subject-matter jurisdiction over these requests.

In addition, even if the Court possessed subject matter jurisdiction in this case, it would still find that the bulk of Rocha's requests for declaratory and injunctive relief warrant dismissal. She seeks a declaration that CBP and Department of State officers at the port of entry violated her rights under the Fifth Amendment "by detaining and interrogating her at the request of DOS, and by confiscating her lawfully issued documents, without giving her a hearing, before or after, to contest their right to do so." (2nd Am. Pet., Doc. 17, ¶ 24)  And she requests a permanent injunction "enjoining Defendants from detaining and interrogating a person with facially valid documents showing U.S. citizenship, absent a showing that the person presents a danger to the community, and/or a significant risk of flight." (*Id.*)  But as the Supreme Court has written, "[the Government's power to exclude aliens from the country] can be effectuated by routine inspections and searches of individuals or conveyances seeking to cross our borders." *Almeida-Sanchez v. United States*, 413 U.S. 266, 272 (1973).  And federal law provides that "all persons coming into the United States from foreign countries shall be liable to detention and search by authorized officers or agents of the Government under such regulations." 19 U.S.C. § 1582.  Limits do apply, and the Government may exceed its broad powers in this context.  But Rocha's allegations, even accepting them as true, do not present a viable claim that the Government violated her due process rights so as to warrant declaratory or injunctive relief.

### III.   Conclusion

For the reasons explained in this Order and Opinion, it is:

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Petition and Complaint by Defendants Secretary of Homeland Security, Secretary of State, and the U.S. Attorney General (Doc. 21) is **GRANTED**; and

**ORDERED** that the Petitioner Lizbeth Alejandra Rocha's petition for a writ of habeas corpus is **DENIED AS MOOT**; and

**ORDERED** that the causes of action within Petitioner Lizbeth Alejandra Rocha's Second Amended Petition for Writ of Habeas Corpus, Request for Temporary Restraining Order and Complaint for Declaratory and Injunctive Relief (Doc. 17) are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Signed on January 7, 2022.

_____
Fernando Rodriguez, Jr.
United States District Judge